UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| CARTEZ MYERS, | ) | No. CV 10-7399-MMM (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER TO SHOW CAUSE RE: DISMISSAL OF SUCCESSIVE PETITION** |
| MIKE MCDONALD, | ) | |
| Respondent. | ) | |

Petitioner initiated this action on October 4, 2010, by filing a Petition For Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"), in which petitioner challenges his 1996 conviction and sentence of 31 years to life in the Los Angeles County Superior Court, Case No. TA034400, for one count of murder and two counts of attempted murder (Cal. Penal Code §§ 187, 664). Petitioner's sentence was enhanced pursuant to California Penal Code §§ 12022.55 and 12022.7(a). (Petition at pp. 1, 26; Petition Exhibits C, D).

The Court observes that on March 8, 2000, petitioner filed an earlier habeas petition in this Court, in Case No. CV 00-2518-MMM (Mc), in which he also challenged his 1996 conviction. The 2000 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on June 21, 2001. (See Order Adopting Report and Recommendation of United States Magistrate Judge and Judgment in Case No. CV 00-2518-MMM (Mc)).

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2000 federal habeas challenge, petitioner claimed that "[t]he trial court conspired with the prosecution by allowing inadmissible evidence to be presented and used during the trial stage," and that his trial counsel was ineffective for failing to challenge the admissibility of the prosecution's evidence. (See Report and Recommendation, filed April 27, 2001, at p. 3). As mentioned above, the action was dismissed on the merits and with prejudice. (See Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both entered on June 21, 2001).

In the instant Petition, petitioner sets forth the following five claims: 1) there was insufficient evidence to support his convictions because the evidence establishes that he is actually innocent; 2) petitioner was denied his right to effective assistance of trial counsel; 3) petitioner was denied due process and equal protection due to police and prosecutorial misconduct; 4) petitioner's

1  conviction violated his Fifth and Fourteenth Amendment rights against double jeopardy; and 5) the
2  trial court illegally enhanced petitioner's sentence.  (Petition at pp. 5-34).  However, although
3  petitioner presents some new claims in the instant Petition, and even if these claims satisfied the
4  AEDPA standards for filing a successive petition (although it does not appear that they satisfy 28
5  U.S.C. § 2244(b)(2)(A) or (B)), he nevertheless is required to first seek authorization from the
6  Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A).  There is no indication
7  that petitioner has obtained such permission from the Ninth Circuit.  See Burton v. Stewart, 549
8  U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive
9  authorization from the Court of Appeals before filing a second habeas petition).  It therefore
10 appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. §
11 2244(b).  See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may
12 not, in the absence of proper authorization from the court of appeals, consider a second or
13 successive habeas application.'") (citation omitted).[1]
14 /
15 /
16 /
17 /
18 /
19 /
20 /
21 /
22 /
23 /
24 /
25 /
26
27 [1] Even if petitioner were asserting that he should be permitted to file a successive petition under 28 U.S.C. § 2244(b)(2)(B) because newly discovered facts show that he is actually innocent
28 of the crimes for which he was convicted, 28 U.S.C. § 2244(b)(3)(A) still requires him to obtain authorization from the Ninth Circuit to file a successive petition.

3

Accordingly, petitioner is **ordered to show cause** why the instant Petition should not be dismissed as successive.  Specifically, petitioner must submit to the Court **no later than October 28, 2010**, documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order, or that he is not required to receive Ninth Circuit authorization to file a successive petition.  **Failure to respond by October 28, 2010, may result in the instant Petition being dismissed without prejudice.**[2]  See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

**IT IS SO ORDERED.**

DATED:  October 6, 2010

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[2]  In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit.  Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.

4