1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

12   CARTEZ MYERS,                          )   No. CV 10-07399-MMM (PLA)
                                            )
13                        Petitioner,       )
                                            )
14          v.                              )   **ORDER DISMISSING PETITION AS**
                                            )   **SUCCESSIVE**
15   MIKE MCDONALD,                         )
                                            )
16                        Respondent.       )
                                            )
17   ─────────────────────────────────────

18          On October 4, 2010, petitioner filed a Petition for Writ of Habeas Corpus by a Person in

19   State Custody under 28 U.S.C. § 2254 (the "Petition"), in which he challenges his 1996 conviction

20   and sentence of 31 years to life in the Los Angeles County Superior Court, Case No. TA034400,

21   for one count of murder and two counts of attempted murder (Cal. Penal Code §§ 187, 664).

22   Petitioner's sentence was enhanced pursuant to California Penal Code §§ 12022.55 and

23   12022.7(a).  (Petition at pp. 1, 26; Petition Exhibits C, D).  On March 8, 2000, petitioner filed an

24   earlier habeas petition in this Court, in Case No. CV 00-2518-MMM (Mc), in which he also

25   challenged his 1996 conviction.  The 2000 petition was dismissed on the merits with prejudice

26   pursuant to the Judgment issued on June 21, 2001.  (See Order Adopting Report and

27   Recommendation of United States Magistrate Judge and Judgment in Case No. CV 00-2518-

28   MMM (Mc)).

1    On October 6, 2010, the Magistrate Judge issued an Order to Show Cause Re: Dismissal

2  of Successive Petition, ordering petitioner to show cause no later than October 28, 2010, why the

3  Petition should not be dismissed as successive.[1]  When it later came to the Court's attention that

4  the October 6, 2010, Order to Show Cause had not in fact been sent to petitioner, the Magistrate

5  Judge, on October 27, 2010, ordered that the Order to Show Cause be sent to petitioner, and that

6  petitioner file a response no later than November 29, 2010.  Petitioner did not file a response to

7  the Magistrate Judge's October 6, 2010, Order.

8

9                                        **DISCUSSION**

10    The Petition was filed after the enactment of the Antiterrorism and Effective Death Penalty

11  Act of 1996 ("the AEDPA").  Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Therefore, the Court

12  applies the AEDPA in its review of this action.  See Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct.

13  2059, 138 L.Ed.2d 481 (1997).

14    A federal habeas petition is successive if it raises claims that were or could have been

15  adjudicated on the merits in a previous petition.  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th

16  Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S. Ct. 1793 (2003).  A second or

17  subsequent petition for habeas corpus is not considered "successive" if the initial or prior petition

18  was dismissed on a technical or procedural ground rather than on the merits.  See Slack v.

19  McDaniel, 529 U.S. 473, 485-87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (holding that dismissal

20  for failure to exhaust state remedies is not an adjudication on the merits).  The AEDPA provides

21  that a claim presented in a second or successive federal habeas petition that was not presented

22  in a prior petition shall be dismissed unless:

23

24  _____

25    [1]    In the October 6, 2010, Order to Show Cause, the Magistrate Judge also advised petitioner
    that if he wished to file a successive habeas application, he was required to file a "Motion for Order
26  Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. §
    2244(b)(3)(A)" directly with the Ninth Circuit.  The Magistrate Judge further advised petitioner that
27  until the Ninth Circuit issues such an order, any direct or implied request for a second or
    successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed without
28  prejudice.

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

In his 2000 federal habeas challenge, petitioner claimed that "[t]he trial court conspired with the prosecution by allowing inadmissible evidence to be presented and used during the trial stage," and that his trial counsel was ineffective for failing to challenge the admissibility of the prosecution's evidence. (See Report and Recommendation, filed April 27, 2001, at p. 3). As mentioned above, the action was dismissed on the merits and with prejudice. (See Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both issued on June 21, 2001).

In the instant Petition, petitioner sets forth the following five claims: 1) there was insufficient evidence to support his convictions because the evidence establishes that he is actually innocent; 2) petitioner was denied his right to effective assistance of trial counsel; 3) petitioner was denied due process and equal protection due to police and prosecutorial misconduct; 4) petitioner's conviction violated his Fifth and Fourteenth Amendment rights against double jeopardy; and 5) the trial court illegally enhanced petitioner's sentence. (Petition at pp. 5-34).

Even if petitioner's claims in the instant Petition satisfied 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), and it does not appear that they do, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no indication in the instant Petition, or in the overall record, that petitioner has obtained such authorization from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 796, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition).

1    In the October 6, 2010, Order to Show Cause Re: Dismissal of Successive Petition, the

2  Magistrate Judge advised petitioner that a review of his Petition indicated that it was successive,

3  and he was ordered to show cause why his Petition should not be dismissed on that basis.

4  Petitioner was further advised that unless he submitted documentation showing that he filed a

5  motion in the Ninth Circuit for an order authorizing the District Court to consider a successive

6  petition **and that the Ninth Circuit issued such an order**, the Petition would be dismissed

7  without prejudice.  In the October 27, 2010, Order, petitioner was warned that his failure to

8  respond to the October 6, 2010, Order to Show Cause by November 29, 2010, could result in the

9  Petition being dismissed.

10    Here, petitioner did not respond to the Court's October 6, 2010, Order, and has not

11  presented any documentation showing that the Ninth Circuit issued an order authorizing the

12  District Court to consider a successive petition.  As such, the Court concludes that it is without

13  jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b).  See id.; Cooper, 274 F.3d at 1274

14  ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization

15  from the court of appeals, consider a second or successive habeas application.'").

16    Accordingly, the Court finds that dismissal of the instant Petition is appropriate as it is

17  successive, and petitioner has not provided any documentation to this Court showing that he

18  received authorization from the Ninth Circuit to file a successive petition.

19

20    **ORDER**

21    It is hereby **ORDERED** that judgment be entered dismissing the Petition without prejudice

22  as successive.

23

24  DATED: December 21, 2010    _____

25                              MARGARET M. MORROW
                                UNITED STATES DISTRICT JUDGE

26

27

28